UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U-HAUL CO. OF CALIFORNIA, and AMERCO REAL ESTATE COMPANY, | Case No. CV 06-06574 VBF (VBKx) |
| Plaintiffs, | **AMENDED JUDGMENT** |
| v. | |
| BARRY ROSS, TRUSTEE OF THE LOUIS ROSS & ALICE ROSS FAMILY TRUST, et al., | |
| Defendant, | |

AND RELATED COUNTERCLAIMS

This action came on for a trial before a jury on January 6, 2009, on the claims of Plaintiffs, U-Haul Co. of California and Amerco Real Estate Company (collectively "Plaintiffs" or "U-Haul"), and counterclaims of Defendant, Barry Ross, Trustee of the Louis Ross & Alice Ross Family Trust ("Defendant" or "Ross").

On January 21, 2009, the jury returned its verdict in accordance with the Court's instructions as follows:

## VERDICT FORM 1

## TRESPASS

We answer the questions submitted to us as follows:

1.      Did U-Haul own, lease, occupy, or control the property?

 __X__  Yes            _____ No

If your answer to question 1 is yes, then answer question 2.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.      Did Ross negligently cause or allow a hazardous substance, hazardous waste, pollutant, or contaminant to enter U-Haul's property?

_____Yes            __X__ No

If your answer to question 2 is yes, then answer question 3.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.      Did the hazardous substance, hazardous waste, pollutant, or contaminant enter the property without U-Haul's permission?

_____Yes            _____ No

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4.      Did U-Haul suffer harm?

2

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

5.      Was Ross's conduct a substantial factor in causing harm to U-Haul?

_____Yes            _____ No

If your answer to question 5 is yes, then answer question 6.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

6.      Is the condition reasonably abatable?

_____Yes            _____ No

Whether your answer to question 6 is yes or no, answer question 7.

7.      What are U-Haul's damages?

        Costs incurred in addressing and repairing the condition after October 16, 2003:

        $_____


## VERDICT FORM 2
## PRIVATE NUISANCE

We answer the questions submitted to us as follows:

1.      Did U-Haul, own, lease, occupy, or control the property?

  **X**  Yes            _____ No

If your answer to question 1 is yes, then answer question 2.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.      Did Ross, by acting or failing to act, create a condition that was harmful to health, indecent or offensive to the senses, or an obstruction to the free use of property, or did Ross act negligently after learning of such a condition?

  **X**  Yes            _____ No

3

If your answer to question 2 is yes, then answer question 3.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.     Did this condition interfere with U-Haul's use or enjoyment of its land?

  **X**   Yes            _____ No

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4.     Did U-Haul consent to Ross's conduct?

_____ Yes            **X**   No

If your answer to question 4 is no, then answer question 5.

If you answered yes, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

5.     Would an ordinary person have been reasonably annoyed or disturbed by Ross's conduct?

  **X**   Yes            _____ No

If your answer to question 5 is yes, then answer question 6.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

6.     Did U-Haul suffer harm?        **YES**

If your answer to question 6 is yes, then answer question 7.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

7.     Was Ross's conduct a substantial factor in causing harm to U-Haul?

  **X**   Yes            _____ No

If your answer to question 7 is yes, then answer question 8.

If you answered no, stop here, answer no further questions on this form, and have the

4

presiding juror sign and date this form.

8.      Did the seriousness of the harm outweigh the public benefit of Ross's conduct?

  __X__  Yes            _____  No

If your answer to question 8 is yes, then answer question 9.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

9.      Is the condition reasonably abatable?

  __X__  Yes            _____  No

Whether your answer to question 9 is yes or no, answer question 10.

10.     What are U-Haul's damages?

        Costs incurred in addressing and repairing the condition after October 16, 2003:

        **$487,386.71**

## VERDICT FORM 3
## PUBLIC NUISANCE

We answer the questions submitted to us as follows:

1.      Did Ross create or help create and maintain a condition resulting in polluted groundwater, or did Ross act negligently after learning of such a condition?

  __X__  Yes            _____  No

If your answer to question 1 is yes, then answer question 2.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.      Did U-Haul consent to Ross's conduct?

  _____Yes            __X__  No

If your answer to question 2 is no, then answer question 3.

If you answered yes, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

5

3.      Did U-Haul suffer harm that was different from the type of harm suffered by the general public?

  **X**   Yes            _____ No

If your answer to question 3 is yes, then answer question 4.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4.      Was Ross's conduct a substantial factor in causing U-Haul's harm?

_____Yes           **X**   No

If your answer to question 4 is yes, then answer question 5.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

5.      Is the condition reasonably abatable?

_____Yes            _____ No

Whether your answer to question 5 is yes or no, answer question 6.

6.      What are U-Haul's damages?

        Costs incurred in addressing and repairing the condition after October 16, 2003:

        $_____


**VERDICT FORM 4**

**NEGLIGENCE/EQUITABLE INDEMNITY**

We answer the questions submitted to us as follows:

1.      Was Ross negligent?

_____Yes           **X**   No

If you answered yes to question 1, then answer question 2.  If you answered no to question 1, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.      Did U-Haul suffer harm?

6

If your answer to question 2 is yes, then answer question 3.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.       Was Ross's negligence a substantial factor in causing harm to U-Haul?

_____Yes            _____ No

If you answered yes to question 3, then answer question 4.  If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4.       What are U-Haul's total damages?  Do not reduce the damages based on the fault, if any, of U-Haul or others.

          Costs incurred in addressing and repairing the condition since October 16, 2003:                                                      $_____

          Future costs of repairing or restoring the property:         $_____

If U-Haul has proved any damages, then answer question 5.  If U-Haul has not proved any damages, then stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

5.       Was U-Haul negligent?

_____Yes            _____ No

If your answer to question 5 is yes, then answer question 6.  If you answered no, answer question 7.

6.       Was U-Haul's negligence a substantial factor in causing its harm?

_____Yes            _____ No

If your answer to question 6 is yes, then answer question 7.  If your answer is no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

7.       What percentage of responsibility for U-Haul's harm do you assign to the following?  Insert a percentage for only those who received "yes" answers in

7

questions 1 or 5:

| | |
|---|---|
| Ross: | _____% |
| U-Haul | _____% |
| TOTAL: | 100 % |

## VERDICT FORM 5

### EQUITABLE INDEMNITY

We answer the questions submitted to us as follows:

1.     Did U-Haul negligently cause or allow hazardous substances, pollutants, or contaminants to be released at the U-Haul site?

  **X**   Yes            _____ No

If you answered yes to question 1, then answer question 2.  If you answered no to question 1, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

2.     Did Ross suffer harm?   **YES**

If your answer to question 2 is yes, then answer question 3.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

3.     Did U-Haul's conduct cause Ross to suffer damages for which U-Haul should be responsible?

_____Yes            **X**  No

If you answered yes to question 3, then answer question 4.  If you answered no to question 3, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

4.     What are Ross's total damages?  Do not reduce the damages based on the fault, if any, of Ross or others.

        Costs incurred by Ross in addressing and repairing the condition caused by U-

8

Haul after October 16, 2003:                                    $_____

If Ross has proved any damages, then answer question 4.  If Ross has not proved any damages, then stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

5.      Was Ross negligent?

_____Yes            _____ No

If your answer to question 5 is yes, then answer question 6.  If you answered no, answer question 7.

6.      Was Ross' negligence a substantial factor in causing his harm?

_____Yes            _____ No

If your answer to question 6 is yes, then answer question 7.  If your answer is no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

7.      What percentage of responsibility for Ross's harm do you assign to the following?

Ross:                          _____%

U-Haul                         _____%

TOTAL:                100 %

8.      Could Ross have avoided any of his damages with reasonable efforts or expenditures?

_____Yes            _____ No

If your answer to question 8 is yes, then answer question 9.

If you answered no, stop here, answer no further questions on this form, and have the presiding juror sign and date this form.

9.      What amount of its damages could Ross have avoided with reasonable efforts or expenditures?

$_____

9

1

2      Prior to the return of the jury's verdict, the parties by stipulation dismissed their

3  respective claims for unjust enrichment (Count V of Plaintiffs' Second Amended

4  Complaint [Docket No. 46] and the Sixth Claim of Defendant's First Amended

5  Counterclaim [Docket No. 34]), and the Court dismissed Plaintiffs' negligence *per se*

6  claim (Count X of Plaintiffs' Second Amended Complaint [Docket No. 46]) pursuant

7  to Fed. R. Civ. P. 50 [Docket No. 217].

8      Subsequently, the Court requested and received further briefing from the parties

9  concerning the claims and requests for relief to be determined by the Court.  On

10 February 12, 2009, this Court entered its Memorandum of Decision and Findings of

11 Fact and Conclusions of Law After Bench Trial on Equitable Claims and Defenses

12 [Docket No. 236], which is incorporated as if fully restated herein.

13     In response to Defendant's Motion for Judgment as a Matter of Law or,

14 Alternatively, for Remittitur or New Trial on Damages or, Alternatively, to Alter or

15 Amend the Judgment, the Court conditionally granted a new trial on damages unless

16 the Plaintiffs agreed to a remittitur reducing the damages to $61,546.83.  On April 13,

17 2009 Plaintiffs filed their Notice of Election of Remittitur [Docket No. 252], subject

18 to and without waiver of or prejudice to any rights of appeal.

19     As used herein, the term "U-Haul Site" means the property located at 11716

20 Long Beach Boulevard, Lynwood, California, and the term "Garfield Express Site"

21 means the property located at 11600-11620 Long Beach Boulevard, Lynwood,

22 California.  The Plaintiffs and Counterclaim Defendants in this action are Amerco

23 Real Estate Company and U-Haul Co. of California (herein "Plaintiffs" or "U-Haul").

24 The Defendant and Counterclaimant is Barry Ross, Trustee of the Louis Ross & Alice

25 Ross Family Trust (hereinafter "Defendant" or "Ross").

26     Accordingly, based on the jury's verdict and the evidence presented, **IT IS**

27 **HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

28

10

1.      On the Plaintiffs' Second Amended Complaint, judgment is entered in favor of the Defendant and against the Plaintiffs on the following Counts: Count I (cost recovery under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9601 *et seq.*); Count II (declaratory relief under CERCLA); Count III (indemnity under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSSA"), Cal. Health & Safety Code §25300 *et seq.*); County IV (common law/equitable indemnity); Count VII (continuing public nuisance); Count VIII (continuing trespass); Count IX (negligence); and Count XII (injunctive relief under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6992k).

2.      With respect to Count VI of Plaintiffs' Second Amended Complaint (continuing private nuisance), judgment is entered in Plaintiffs' favor and against Defendant in accordance with Verdict Form 2 and Plaintiffs' Notice of Election of Remittitur, and Plaintiffs are awarded damages in the amount of $61,546.83 against the Defendant.  Plaintiffs' request for injunctive relief is denied.

3.      On the Defendant's First Amended Counterclaim, judgment is entered in favor of the Plaintiffs and against Defendant on the following Claims:  First Claim (contribution under CERCLA), Second Claim (declaratory relief under CERCLA), Third Claim (contribution/indemnity under HSAA), Fourth Claim (declaratory relief under HSAA), and Fifth Claim (equitable indemnity).

4.      With respect to Count XI of Plaintiffs' Second Amended Complaint and the Seventh Claim of Defendant's First Amended Counterclaim, both being

11

claims for general declaratory relief, the Court orders declaratory relief as follows:

> (1)   Defendant Ross is responsible for fully and promptly remediating all contamination on the Garfield Express Site and is responsible for paying for the costs of such remediation.

> (2)   Defendant Ross is responsible for fully and promptly remediating all contamination on the U-Haul Site to the extent ordered by the State of California Regional Water Quality Control Board – Los Angeles Region (the "Water Board") and is responsible for paying for the costs of such remediation.

> (3)   U-Haul is responsible for fully remediating all contamination on the U-Haul Site, and is responsible for paying the costs of such remediation, except as otherwise ordered by the Water Board (*i.e.*, if the Water Board ordered the remediation of the U-Haul Site by Ross).

> (4)   "Contamination" in this declaratory relief order refers to contamination in the soil and groundwater due to releases of petroleum hydrocarbons and chlorinated solvents, including PCE and TCE.

> (5)   To the extent not incompatible with the findings and orders of the Water Board, "remediation" includes, but is not limited to all steps needed to fully remediate, such as: (a) the development and implementation of work plans to fully define the horizontal and

12

vertical extent of contamination, including both free phase (free product) and dissolved phase contamination; (b) the preparation of a site assessment report defining the horizontal and vertical extent of contamination present; (c) the development and implementation of a corrective action plan to address the full extent of contamination present, including both free phase (free product) and dissolved phase contamination; (d) the operation and maintenance of all equipment and remedial systems associated with the corrective action plan; (e) the prompt removal and disposal of debris and waste generated in the course of performing required activities; and (f) the performance and reporting of monitoring until completion of the corrective action plan.

(6)    U-Haul is not responsible for damages, losses, attorneys fees or other costs on the Garfield Express Site due to contamination.

(7)    The multi-phase extraction remediation method set forth by Ms. Bice in her testimony is acceptable, unless otherwise ordered by the Water Board.

DATED: _April 24, 2009

Valerie Baker Fairbank
U.S. District Judge

13

JUDGMENT
CASE NO. CV 06-06574 VBF (VBKX)